[Civ. No. 1068.    First Appellate District.—November 27, 1912.]

C. B. MYERS, Respondent, v. CHITTYNA EXPLORATION COMPANY (a Corporation), and JENNIE G. MacKINLEY, Appellants; GEORGE M. PERINE, Codefendant.

ACTION FOR CONVERSION OF STOCK OF CORPORATION—SALE UNDER INVALID ASSESSMENT—JUDGMENT FOR PAR VALUE—IMPROPER RULING—ESTOPPEL AND EVIDENCE DISALLOWED.—In an action for the conversion of the stock of a corporation sold to one of defendants, under an assessment alleged to be invalid, in which the court rendered judgment for its par value, and ruled in the action that defendants were estopped to deny that the stock was not worth its par value, and refused therein to allow the defendants to testify that the stock was worth no more than the amount of the assessment, it is held upon defendants' appeal, that there is no principle of estoppel applicable to any phase of the case, and that the court erred in disallowing defendants' offer of evidence.

ID.—MEASURE OF DAMAGES FOR CONVERSION.—In an action for the conversion of personal property, the measure of damages, under section 3336 of the Civil Code, is the value of the property at the time of the conversion, with the interest from that time, or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion

and the verdict, without interest, at the option of the injured party; and a fair compensation for the time and money properly expended in pursuit of the property.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

W. C. Graves, and J. S. Spillman, for Appellants.

Booth & Bartnett, and W. J. Bartnett, for Respondent.

KERRIGAN, J.—This is an action brought by the plaintiff against the defendants to recover the value of ten shares of the capital stock of the Chittyna Exploration Company, a corporation, sold to the defendant Jennie G. MacKinley under an assessment alleged in the complaint to be invalid.

The plaintiff recovered judgment for one thousand dollars, found by the court to be the value of said shares, and the appeal is by the defendant corporation and defendant Mac-Kinley (the two of the defendants against whom the judgment was rendered) and is from the judgment and order denying their motion for a new trial.

Appellants have filed a brief in support of their appeal, but no answer thereto has been made by the respondent.

From the record it appears that in the month of May, 1899, one Allis was the owner and holder of ten shares of the capital stock of the corporation defendant, represented by a certificate; that while he was thus the owner he pledged the same to plaintiff to secure an indebtedness of four thousand five hundred dollars; that thereafter this stock was sold to pay an assessment which had been levied thereon by a resolution of the board of directors of the corporation.

The complaint is in two counts, the first of which proceeds upon the theory that the levying of the assessment and sale of the stock were void, and the second merely alleged that the defendants converted the shares to their own use.

The case was tried upon the theory that there has been a conversion of the stock by the defendants, for which the plaintiff was entitled to recover its reasonable value, which

he alleged to be three thousand dollars. Testimony was admitted on behalf of the plaintiff tending to show that the ten shares of stock in controversy were worth between two thousand dollars and three thousand dollars. But when the defendants attempted to rebut this testimony and show that the stock was worth in fact not more· than the amount of the assessment, to wit, ten dollars per share, the court refused to permit them to do so, holding that they were estopped to denying that the shares were worth their par value, and on this theory the court found the stock to be worth one thousand dollars, and rendered judgment for that sum against the appellants.

The refusal of the court to receive the proffered testimony was error. There is no principle of estoppel applicable to any phase of this case, and the law we think is plain that in an action for conversion, the measure of damages is the value of the property at the time of the conversion, with interest . . . or where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest . . . and a fair compensation for the time and money properly expended in the pursuit of the property (Civ. Code, sec. 3336).

The judgment and order are reversed.

Hall, J., and Lennon, P. J., concurred.